UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

ARGUS MANAGEMENT CORPORATION,
solely in its capacity as
Representative of the Voting Trustees            11 Civ. 1923
of the Morgan Construction Company
Voting Trust,                                        OPINION

                          Plaintiff,

     -against-

SIEMENS CORPORATION,

                          Defendant.

------------------------------------X

A P P E A R A N C E S :

          Attorneys for Plaintiff

          BROWN RUDNICK LLP
          7 Times Square
          New York, NY  10036
          By:  William R. Baldiga, Esq.

          -and-

          BROWN RUDNICK LLP
          One Financial Center
          Boston, MA  02111
          By:  Cheryl B. Pinarchick, Esq.

          Attorneys for Defendant

          REED SMITH LLP
          599 Lexington Avenue
          New York, NY  10022
          By:  Jordan W. Siev, Esq.
               David A. Kochman, Esq.

**Sweet, D.J.**

The defendant Siemens Corporation ("Siemens" or the "Defendant") has moved pursuant to Rule 12(b)(6) to dismiss Count VIII of the Complaint filed by plaintiff Argus Management Corporation ("Argus" or the "Plaintiff"). Based upon the conclusions set forth below, the motion is granted. Count VIII is dismissed with leave granted to replead.

## Prior Proceedings

On December 21, 2007, an Agreement and Plan of Merger was entered into between and among Siemens, MCC Acquisition Co. (a wholly-owned subsidiary of Siemens), and Morgan Construction Company ("Morgan") (the "Merger Agreement") (Merger Agreement § 2.1).

The Merger Agreement contained indemnification:

> to indemnify and hold Siemens . . . harmless from, any
> damage, loss, liability, cost or expense . . . ., other
> than consequential damages and lost profits . . . .
> suffered or incurred by [Siemens] to the extent
> arising from (i) any breach of any representation or
> warranty of [Morgan] contained in th[e] [Merger]

1

>Agreement and the Disclosure Letter or any certificate
>delivered pursuant hereto; and (ii) any breach of any
>covenant or undertaking of the Company contained in
>this Agreement.

(Merger Agreement § 13.1(a)).

The sale closed on April 3, 2008. On April 1, 2010, Siemens asserted indemnity claims against the sellers.

On March 18, 2011, Argus filed its Complaint containing eight causes of action. Seven of Argus' eight claims are for breach of contract or declaratory relief. (Complaint ¶¶ 83-115). Count VIII of the Complaint alleges that Siemens' actions with respect to the indemnity claims constitute unfair or deceptive acts or practices in violation of Mass. Gen. Laws ch. 93A, § 11 – a provision of Massachusetts' state consumer protection statute. (Complaint ¶¶ 116-27).

The instant motion to dismiss Count VIII was marked fully submitted on June 6, 2011.

**The Rule 12(b)(6) Standard**

On a motion to dismiss pursuant to Rule 12, all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quoting Scheuer v. Rhodes, 416 U.S. 232, 235-36, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570, 127 S.Ct. 1955. Though the court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955).

3

**Count VIII Is Dismissed**

Argus in Count VIII of its Complaint has alleged a violation of Mass. Gen. Laws ch. 93A § 11 based upon the same alleged facts asserted to support its breach of contract and declaratory judgment claims; namely, that Siemens failed to advance valid claims for indemnity under the Merger Agreement, and that Siemens failed to comply with the terms of the Merger Agreement in pursuing those claims.

The Merger Agreement's choice-of-law clause provides that:

> This Agreement, and the respective rights, duties and
> obligations of the parties hereunder, shall be
> governed and construed in accordance with the laws of
> the State of New York, regardless of the laws that
> might otherwise govern under applicable principles of
> conflicts of laws thereof, except for matters relating
> to the corporate attributes of [Morgan], Siemens, and
> [MCC], the respective rights and duties of the
> directors and officers, in such capacities, of
> [Morgan], Siemens, and [MCC], the procedures for
> consummating the Merger, the corporate authority and
> capacity of [Morgan] and [MCC] and the effects of the
> Merger, shall all be governed by, and construed in
> accordance with, Massachusetts law with respect to
> [Morgan] and [MCC] and the DGCL [Delaware General
> Corporate Law] with respect to Siemens, without regard
> to conflict of laws principles thereunder.

4

(§ 15.10).  Because Argus invokes this Court's diversity
jurisdiction in bringing this action (Complaint ¶ 11), New York
choice-of-law principles govern this dispute.  E.g., Lee v.
Bankers Trust Co., 166 F.3d 540, 545 (2d Cir. 1999) (citing
Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61
S.Ct. 1020, 85 L.Ed. 1477 (1941)).  New York courts generally
uphold choice-of-law provisions within contracts.  See Fieger v.
Pitney Bowes Credit Corp., 251 F.3d 386, 393 (2d Cir. 2001).

        According to Argus, Article XIII of the Merger
Agreement requires Siemens to:  (i) "provide reasonably prompt
written notice of the [indemnity] Claims to [Argus]," (Complaint
¶ 120); (ii) "specify in reasonable detail the basis of the
[indemnity] Claims, and thereafter to provide supporting
documentation and information to [Argus] 'as promptly as
practicable,'" (id.); (iii) "provide a good faith estimate of
the amount of its damages," (id.); and (iv) make "any claims for
indemnification . . . in good faith."  (Id. ¶ 121).  Argus bases
its ch. 93A claim on Siemens' purported breaches of these
obligations, contending that Siemens violated ch. 93A (and,
therefore, Article XIII) by "lack[ing] . . . good faith in
bringing the [indemnity] Claims [and] deliberate[ly]
attempt[ing] to prevent [Argus] from timely or properly

5

investigating the validity of th[ose] Claims."  (Id. ¶ 124).
Argus has asserted that the same alleged behavior on the part of
Siemens constitutes a breach of contract.  (See id. ¶¶ 112-14)
(alleging that Siemens breached the Merger Agreement by "failing
to promptly provide the supporting information and documentation
requested by [Argus]," "failing to bring the [indemnity] Claims
in good faith," and "failing to make reasonable, good faith
estimates of its [indemnity] Claims").

     According to Siemens, these allegations demonstrate
that Argus' ch. 93A claim hinges on the proper interpretation of
contractual rights, duties, and obligations under Article XIII.
The New York choice-of-law clause in the Merger Agreement
precludes Argus' ch. 93A claim as a matter of law.

     In similar circumstances, other courts have rejected
attempts by contractual parties to assert ch. 93A claims in the
face of a comprehensive choice-of-law clause.  See, e.g.,
Worldwide Commodities, Inc. v. J. Amicone Co., 630 N.E.2d 615,
618 (Mass. App. Ct. 1994) (New York choice of law provision
prevented assertion of ch. 93A claims where "contract violations
were at the core" of those claims); Ne. Data Sys., Inc. v.
McDonnell Douglas Computer Sys. Co., 986 F.2d 607, 609-11 (1st

Cir. 1993) (Breyer, C.J.) (party to a contract could not assert ch. 93A claim that amounted to an "embroidered breach of contract claim" against counterparty in the face of California choice of law provision in contract (punctuation omitted)); Trustees of Boston Univ. v. Ligand Pharms., Inc., No. Civ. A. 02-1312-SLR, 2003 WL 1873839, at *4 (D. Del. Apr. 11, 2003) (Delaware choice of law provision in merger agreement barred assertion of ch. 93A claim based on allegations that acquiring company "knowingly and willfully breached the merger agreement").

However, Argus seeks to characterize Siemens' alleged breach of the Merger Agreement as a claim arising outside of that agreement and sounding in tort.

In its Complaint, Argus couches its ch. 93A claim on two factual premises:  that Siemens (i) "lack[ed] good faith in bringing the [indemnity] claims," (Complaint ¶ 124); and (ii) "deliberate[ly] attempt[ed] to prevent [Argus] from timely or properly investigating the validity of the [indemnity] Claims." (Id.).

7

Argus has contended that Siemens' alleged acts are "more akin to a tort or misrepresentation claim." (Opposition p. 12). However, Argus' claims are predicated upon alleged breaches of the Merger Agreement, and that agreement establishes the respective rights, duties and obligations of the parties to perform thereunder, and the Complaint lacks any allegations to support a finding that a separate, extra-contractual duty was created between the parties such that an independent tort claim may lie. Cf. Anderson v. Fox Hill Vill. Homeowners Corp., 424 Mass. 365, 368, 676 N.E.2d 821 (1997) ("[F]ailure to perform a contractual obligation is not a tort in the absence of a duty to act apart from the promise made.").

The cases Argus cites for the argument that its ch. 93A claim is closer in character to a "tort or misrepresentation" than a breach of contract do not support its argument. Schimmel v. Pfizer, Inc., Index No. 600173/2008, 2008 NY Slip Op. 32388U (N.Y. Sup. Ct. Aug. 21, 2008), stands only for the proposition that a New York choice-of-law provision in a contract may not apply to tort claims based on the actions of the defendant before that contract was executed. Schimmel does not inform this dispute because Argus' ch. 93A claims are not based upon Siemens' pre-Merger Agreement conduct; Siemens'

8

submission of indemnification claims pursuant to and after the
date of the Merger Agreement is what is at issue.

Plymack v. Copley Pharmaceutical, Inc., No. 93 Civ.
2655 (KMW), 1995 WL 606272, at *4-*5 (S.D.N.Y. Oct. 12, 1995),
applies the uncontroversial principle that a ch. 93A claim based
on allegations of fraud will be treated as a tort claim for
purposes of applying a contractual choice-of-law provision. As
stated above, however, the allegations Argus identifies to
purportedly support its ch. 93A claim describe alleged breaches
of contract, not instances of fraudulent conduct.  As such,
Plymack also provides no support to Argus.

In Kitner v. CTW Transport, Inc., 53 Mass. App. Ct.
741, 747, 762 N.E.2d 867 (Mass. App. Ct. 2002), the Court
affirmed a judgment that the defendant violated ch. 93A
notwithstanding a North Dakota choice-of-law provision in the
parties' contract where the jury held that the defendant had not
breached the contract, but had committed a negligent
misrepresentation.  Here, unlike the plaintiff in Kitner, Argus
premises its ch. 93A claim entirely on alleged breaches of the
Merger Agreement, and advances no non-conclusory allegations
that could in any way support a finding that Siemens owed a

9

separate duty, made a negligent misrepresentation or committed any other tort.

Siemens' submission of indemnification claims pursuant to the procedures set forth in the Merger Agreement for submitting such claims fails to bring the allegations of the Complaint outside of a breach of contract claim and transform them into a tort claim. See Redgrave v. Boston Symphony Orchestra, Inc., 557 F. Supp. 230, 238 (D. Mass. 1983) ("A breach of contract is not, standing alone, a tort . . . . [a]nd it cannot be converted into a tort merely by attaching to the contract, or the breach, new labels that sound in tort.").

The allegations set forth in support of Count VIII establish that the basis for Argus' ch. 93A claim is that Siemens allegedly did not comply with §§ 13.3(a) and 13.4 of the Merger Agreement, that Siemens' indemnification claims will not prevail, and that Siemens asserted such claims merely in an attempt to elicit a payment from the Holdback Fund the parties put into escrow to ensure that the sellers could discharge their indemnity obligations. Because those allegations solely invoke the parties' contractual undertakings, Argus' ch. 93A claim is governed exclusively by New York law, as agreed to in the Merger

10

Agreement.  Cf. Ne. Data Sys., Inc. v. McDonnell Douglas Computer Sys. Co., 986 F.2d 607, 609 (1st Cir. 1993) (Breyer, C.J.) (California choice-of-law clause precluded ch. 93A claim where "contract violations [we]re essential elements" of the claim).

In addition, even if the Merger Agreement's preclusive New York choice-of-law clause does not apply to Count VIII, the Complaint fails to plead a viable ch. 93A claim.

According to Argus, Siemens "has engaged in a pattern of 'unscrupulous' behavior" falling within the ambit of ch. 93A, and "concocted baseless indemnification Claims preventing the distribution of the Holdback Fund to its Beneficiaries for the sole purpose of extracting unwarranted concessions from [Argus], namely, a settlement of those wholly meritless Claims." (Opposition p. 8).  Argus has stated the following instances to support the inference of alleged unscrupulous behavior:

> (i) Siemens' 'refusal to provide any meaningful explanation of or support for the Claims it has asserts';
>
> (ii) Siemens' 'concession that at least two of the Claims initially asserted were wholly without support or were vastly overstated';

11

(iii) Siemens' 'silence on the subject of
indemnification for nearly two years after the
merger, until just two days prior to the
expiration of the indemnification notice period';
and

(iv) Siemens' 'fail[ure] to demonstrate, or even
to allege, that it suffered any damages or
incurred any liabilities as a result of such
Claims.'

Id. p. 9.


First, Argus' assertion that the materials provided by
Siemens are insufficient to support its claims for
indemnification turns upon this Court's interpretation of
§§ 13.1, 13.3, and 13.4 of the Merger Agreement, and whether
Siemens' documentary proffer is sufficient under the Merger
Agreement.  Argus has conceded that Siemens provided back-up
support for each of its claims.  Whether the materials provided
by Siemens - and those that will be provided during the pendency
of this case - prove its entitlement to monies from the Holdback
is a matter of interpretation of the parties' agreement under
the facts presented.


Second, Argus' attempt to leverage Siemens'
willingness to compromise the value of its claims for the sake
of settlement is irrelevant.  That Siemens and Argus tentatively

12

agreed to settle two of Siemens' claims does not evidence
Siemens' "bad faith" in initially asserting those claims and
constitutes a settlement offer by Siemens expressly protected by
Fed. R. Evid. 408.  (Opposition p. 5 n.1).  Trebor Sportswear
Co., Inc. v. The Ltd. Stores, Inc., 865 F.2d 506, 509-10 (2d
Cir. 1989) (settlement negotiations are inadmissible if offered
to prove or disprove the validity of a party's claim because of
Fed. R. Evid. 408's "public policy of encouraging settlements
and avoiding wasteful litigation").  Pre-litigation compromise
is widely encouraged by the federal courts and cannot support a
finding of "unscrupulous" behavior.  See, e.g., Sanders v.
Madison Sq. Garden, L.P., 525 F. Supp. 2d 364, 369 (S.D.N.Y.
2007) ("[T]he policy of Rule 408, . . . is based on the notion
that settlement negotiations are to be encouraged, that the use
of settlement discussions in litigation will make parties
reluctant to engage in such negotiations, and that settlement
offers and demands are too tightly bound to the incentive to
avoid litigation to cast much light on the underlying merits of
a case in any event.").

      Third, Siemens's submission of its indemnification
claims within the prescribed two-year time period does not
evidence "bad faith."  Indeed, to accept Argus' argument would

13

be tantamount to finding that any plaintiff that asserted a
claim on the last day or two before the running of a statute of
limitations did so in bad faith.  Additionally, even assuming
that Siemens submitted indemnification claims in "bad faith"
prior to the expiration of the claim period, that alleged
wrongdoing still would constitute only a breach of contract and
not a tort because, pursuant to § 13.4(b), submission of
indemnification claims in "good faith" is an expressly agreed-
upon contractual obligation.

     Fourth, Argus' contentions that Siemens has not
suffered any damages is contradicted by the eight (8)
counterclaims asserted against Argus, each of which alleges that
Siemens suffered damages resulting from Argus' failure to
acknowledge the validity of its indemnification claims.

     The law is well-settled that "[a] breach of contract
without more, does not violate chapter 93A." Callahan v.
Harvest Bd. Int'l, Inc., 138 F. Supp. 2d 147, 166 (D. Mass.
2001); Lyle Richards Int'l, Ltd. v. Ashworth, Inc., 132 F.3d
111, 115 (1st Cir. 1997) (same).  See also Whitinsville Plaza,
Inc. v. Kotseas, 378 Mass. 85, 100-01, 390 N.E.2d 243 (Mass.
1979) (bald allegations that defendants' breach of contract

14

constitutes "unfair acts and practices" are insufficient to
support a claim under ch. 93A).

The Complaint lacks any allegations to support the
creation of an extra-contractual duty between the parties or
that Siemens's "knowingly and willfully" breached the Merger
Agreement by its act of submitting indemnification claims
pursuant to Article XIII.

The cases Argus cites in support of its opposition to
the instant motion indicate the absence of factual allegations
in this Complaint to support a ch. 93A claim.   See Opposition
pp. 8-9 (citing Anthony's Pier Four, Inc. v. HBC Assocs., 411
Mass. 451, 474-76, 583 N.E.2d 806 (1991) (in situations where
both parties to a transaction are sophisticated entities (such
as here), claimant is required to plead a heightened level of
"rascality," such as the knowing or willful use, supported by
factual allegations, of a pretext to coerce higher
compensation); Arthur D. Little, Inc. v. Dooyang Corp., 147 F.3d
47, 52-53 (1st Cir. 1998) (defendant articulated and expressed
in its internal year-end business report that it was
purposefully refusing to pay its consulting invoices with the
hope that creditors would accept discounted payments in lieu of

15

litigating the full amount); Cmty. Builders, Inc. v. Indian
Motorcycle Assocs., Inc., 44 Mass. App. Ct. 537, 557-59, 692
N.E.2d 964 (Mass. App. Ct. 1998) (finding that the defendant
acted in bad faith where the defendant made absolutely no steps
towards abiding by the terms of the contract, and exhibited
behavior amounting to "more than mere non-payment of a debt");
Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760,
778-779, 489 N.E.2d 185 (1986) (finding liability against the
plaintiff upon learning that the plaintiff misrepresented that
it possessed a carbon copy of a circulation list that was the
central basis for the counter-claiming defendant to pursue
settlement negotiations); Marram v. Kobrick Offshore Fund, Ltd.,
442 Mass. 43, 61-63, 809 N.E.2d 1017 (2004) (in a securities
fraud case, allowing a claim to proceed based upon specific
evidence pled in the Complaint that the plaintiff justifiably
relied upon defendant's plainly erroneous misstatements made to
the investor-plaintiff both before and after he invested in the
fund)).  These cases either expressly state or implicitly find
that allegations amounting to fraud or knowing misrepresentation
or bad faith are required under ch. 93A and, as stated above,
mere breach of contract does not suffice.

16

Here, Argus has failed to allege adequately that Siemens engaged in any form of unfair or deceptive acts or practices.  Count VIII is therefore dismissed.

## Conclusion

Based on the conclusions set forth above, the motion of Siemens is granted and Count VIII of the Complaint is dismissed with leave granted to replead within 20 days.

It is so ordered.

**New York, NY**
**September      23  2011**

—————————————————
ROBERT W. SWEET
U.S.D.J.

17